```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :      CASE NO. 1:06-CR-168
                                          :
            Plaintiff,                    :
                                          :      ORDER AND OPINION
      vs.                                 :      [Resolving Doc. No. 58]
                                          :
RAJAH BAYLOR,                             :
                                          :
            Defendant.                    :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Rajah Baylor moves to suppress any evidence of the "cold-show" identification used in this case and all in-court identification testimony from victims and witnesses of the robbery. [Doc. 58]. Plaintiff United States of America opposes the motion. [Docs. 34, 61]. For reasons presented, the Court finds that the manner of identification involving all three witnesses was impermissibly suggestive. With regard to Tina Martin, the Court finds that her identification was independently reliable such that it was sufficient to overcome any taint of suggestiveness. With regard to Crystal Rosser, the Court finds that her identification was not independently reliable such that it could overcome any taint of suggestiveness; however, Rosser may testify generally as to the overall description of the clothing, height and weight of the individual identified being consistent with the individual she saw during the robbery. With regard to George Warren, the Court finds that his identification was not independently reliable such that it could overcome any taint of suggestiveness. Therefore, Warren may not provide any identification or description testimony regarding the offender. As such, the Court **GRANTS IN PART** and **DENIES IN PART**

Case No. 1:06-cr-168
Gwin, J.

Defendant's Motion to Suppress.

## I. Legal Standard

The Supreme Court has held that an identification violates a defendant's right to due process where the identification procedure was so unnecessarily suggestive as to run the risk of irreparable mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967); *Neil v. Biggers*, 409 U.S. 188 (1972); *see also Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986). "It is the likelihood of misidentification which violates a defendant's right to due process." *Neil*, 409 U.S. at 198. As the Supreme Court has stated, "reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Braithwaite*, 432 U.S. 98, 114 (1977). Thus, the Court must first assess whether the identification was unnecessarily suggestive, then assess whether the identification was nonetheless reliable. If an identification is reliable, it will be admissible even if the confrontation was suggestive. *See id*; *Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000).

Defendant Baylor bears the burden of showing impermissible suggestiveness. *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). Unnecessary suggestiveness generally depends "upon whether the witness's attention was directed to a suspect because of police conduct." 2-5 Crim. Con. Law § 5.05(2)(b) (2004). In considering this, the Court looks to the effects of the circumstances of the pretrial identification, not whether law enforcement officers intended to prejudice the defendant. *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986). In examining whether the identification procedure was impermissibly suggestive, the "primary evil to be avoided is a very substantial likelihood of irreparable misidentification." *Neil,* 409 U.S. at 198 (citing *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

In judging reliability, the Court considers the totality of the circumstances, including the

Case No. 1:06-cr-168
Gwin, J.

factors described in *Manson* and *Biggers*:  (1) the opportunity of the witness to view the defendant at the initial observation; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the defendant; (4) the level of certainty shown by the witness at the pretrial identification; and (5) the length of time between the initial observation and the identification. *Manson*, 432 U.S. at 114; *Biggers*, 409 U.S. at 199-200.  The Court must weigh these factors against any "corrupting effect of the suggestive identification."  *Manson*, 432 U.S. at 114.

## II.  Analysis

*A.  Suggestiveness*

The Court finds that the procedure employed in the identification of Defendant Baylor was so unnecessarily suggestive that it ran the risk of irreparable mistaken identification.  Nearly all one-on-one identifications are unduly suggestive.  In this case, the police presented only the two suspects that had recently been apprehended to the witnesses.  The police also drove these suspects to the scene of the crime in the back of squad cars while handcuffed.  The suspects were then displayed to witnesses while they remained handcuffed and stood surrounded by police officers.  This procedure is unduly suggestive and impermissibly heightens the possibility of mistaken identification.

*B.  Reliability*

With regard to Tina Martin, the Court finds that her identification was independently reliable such that it was sufficient to overcome any taint of suggestiveness.  Martin had a significant opportunity to observe the offender at the time of initial observation.  She spent several minutes within a few feet of the perpetrator in a well-lit pizza parlor.  Likewise, Martin had every incentive to observe the perpetrator as the individual was robbing the location and had struck her in the head.

-3-

Case No. 1:06-cr-168
Gwin, J.

Martin's earlier descriptions to the extent that the record reflects them are consistent with regard to the size, height and weight of the individual. Finally, there was relatively little time between the robbery and the identification. Given the totality of the circumstances, although the identification technique was unduly suggestive, the Court finds that Martin's identification of the defendant was otherwise reliable.

With regard to Crystal Rosser, the Court finds that her identification was not independently reliable such that it could overcome any taint of suggestiveness; however, Rosser may testify generally as to the overall description of the clothing, height and weight of the individual identified being consistent with the individual she saw during the robbery. Rosser had less opportunity to initially observe the perpetrator and was significantly further away from the perpetrator than Martin. However, she did have the opportunity to observe the overall size and weight of the offender and was paying a great deal of attention to the offender during the time that she was observing him. Therefore, Rosser will be permitted to testify as to the overall clothing, height and weight of the offender, whether this information was consistent with the person she identified, as well as the actions of the offender that she witnessed because the Court finds this testimony otherwise relevant and reliable.

In contrast, with regard to George Warren, the Court finds that his identification was not independently reliable such that it could overcome any taint of suggestiveness. Warren had very little time in which to observe the offender and he was not within close proximity of the offender. He had almost no ability to obtain an accurate visualization of the perpetrator. As such, the Court finds that Warren shall not be permitted to testify as to the identification of the defendant. In addition, Warren shall not be permitted to provide description testimony about the individual he

-4-

Case No. 1:06-cr-168
Gwin, J.

witnessed at the scene of the robbery. Instead, Warren will only be permitted to describe what he was doing prior to the window of the storefront being broken and the fact that he moved away from the scene of the robbery.

### III. Conclusion

For the reasons described above, the Court finds that the identification of Tina Martin was independently reliable such that it was sufficient to overcome any taint of suggestiveness. With regard to Crystal Rosser, the Court finds that her identification was not independently reliable such that it could overcome any taint of suggestiveness; however, Rosser may testify generally as to the overall description of the clothing, height and weight of the individual identified being consistent with the individual she saw during the robbery. With regard to George Warren, the Court finds that his identification was not independently reliable such that it could overcome any taint of suggestiveness. As such, Warren may not provide any identification or description testimony regarding the offender. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Suppress.

IT IS SO ORDERED.


Dated: October 10, 2006                s/         *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE